**SCOTT A. SCHIFF (SBN 137245)**
**SOUKUP & SCHIFF, LLP**
**16255 Ventura Blvd., Suite 706**
**Encino, California 91436**
**Tel.: (310) 276-2026**
**Fax: (310) 286-0522**
**Email: sas@soukup-schiff.com**

*Attorneys for American Education Services*

FILED & ENTERED

OCT 30 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY cargill    DEPUTY CLERK

### UNITED STATES BANKRUPTCY COURT

CHANGES MADE BY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>BRAD STODDARD, DEBORAH STODDARD,<br><br>    Debtors, | Chapter 13<br><br>Case No. 6:11-bk-12917-MH<br><br>Judge: Hon. Mark Houle<br><br>ORDER DENYING DEBTORS' MOTION FOR ORDER TO SHOW CAUSE WHY CREDITOR AMERICAN EDUCATIONAL SERVICES SHOULD NOT BE HELD IN CONTEMPT OF COURT, AND FOR DAMAGES AND ATTORNEY'S FEES FOR INTENTIONALLY VIOLATING THE DISCHARGE INJUNCTION<br><br>Date:    October 18, 2017<br>Time:    12:30 p.m.<br>Place:    Courtroom 303<br>            3420 Twelfth St., Riverside, CA |

On October 18, 2017, at 12:30 p.m., the Debtors' Motion for Order to Show Cause Why

Creditor American Educational Services Should Not Be Held in Contempt of Court, and for

Damages and Attorney's Fees, for Intentionally Violating the Discharge Injunction (the "Motion")

1

came on for hearing before the Honorable Mark Houle, United States Bankruptcy Judge.  David

Brian Lally, Esq. of the Law Office of David Brian Lally appeared on behalf of Debtors Brad

Stoddard and Deborah Stoddard ("Debtors"), Scott A. Schiff, Esq. of Soukup & Schiff, LLP

appeared on behalf of American Education Services ("AES"), and Timothy Burke, Esq. appeared on

behalf of Educational Credit Management Corporation ("ECMC").  After having reviewed the

Motion, the Opposition filed by AES, the Reply to the Opposition filed by Debtors, and after hearing

oral argument on July 27, 2017 and October 18, 2017, the Court ruled as follows,

IT IS HEREBY ORDERED that based on the Findings of Fact and Conclusions of Law set

forth in the Court's Tentative Ruling attached hereto and as supplemented by the record of the

hearing held on October 18, 2017, the Motion is DENIED.

### 

Date: October 30, 2017

Mark Houle
United States Bankruptcy Judge

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, October 18, 2017**                                    **Hearing Room    303**

---

12:30 PM

**6:11-12917    Brad Stoddard and Deborah Ann Stoddard**                    **Chapter 13**

   **#6.00**    CONT Motion For Order To Show Cause Why Creditor American Educational
               Services and Educational Credit Management Corporation Should Not Be Held
               in Contempt of Court, and For Damages and Attorney's Fees, for Intentionally
               Violating The Discharge Injunction

               From: 7/27/17, 10/2/17

               Also #5

               EH__

                              Docket      96

   **Tentative Ruling:**

      **10/18/17**


## I.    BACKGROUND


On January 28, 2011, Brad & Deborah Stoddard ("Debtors") filed a Chapter 13
voluntary petition and plan. Debtors' plan contained a provision, in section V.F, that
stated: "The debt of american Education Services will be discharged; the school has
been stripped of accreditation and is on probation." The plan was served on American
Education Services at P.O. Box 2461, Harrisburg, PA 17105-2461.


On March 14, 2011, "Brazos/US Bank Natnl" filed a proof of claim ("Claim 5") for an
unsecured claim in the amount of $35,080.90 on the basis of a student loan. The proof
of claim indicating that notices should be sent to "AES/PHEAA, PO Box 8181,
Harrisburg, PA 17105." On March 17, 2011, the Court summarily confirmed Debtors'
plan on the basis of the trustee's recommendation. On March 30, 2011, AES/PHEAA
filed a transfer of claim agreement, stating that Claim 5 was being transferred to
AEA/PHEAA, and that notices should be sent to "AES/PHEAA, PO Box 8147,

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, October 18, 2017**                                    **Hearing Room   303**

<u>12:30 PM</u>
**CONT...**     **Brad Stoddard and Deborah Ann Stoddard**                    **Chapter 13**

Harrisburg, PA 17105." On May 24, 2011, the Court entered an order confirming Debtors' plan.

On December 5, 2016, Debtors received a discharge. On June 1, 2017, Debtors filed a motion for an order to show cause why American Educational Services ("AES") should not be held in contempt for violating the discharge injunction. On June 8, 2017, AES filed its opposition. Debtors allege that the AES violated the discharge injunction through various attempts to collect on Claim 5 after Debtors received a discharge. AES asserts that they did not violate the discharge injunction because: (1) AES was not a creditor at the time Debtor filed their plan; (2) the provision at issue in Debtors' plan was unclear; and (3) Debtors' failure to utilize the appropriate procedure precludes the relief sought.

After a hearing on July 27, 2017, the Court issued an order to show cause why Debtors and their former counsel, Matthew Resnik ("Resnik"), should not be sanctioned for including a prohibited provision in a Chapter 13 plan (the "OSC"). On August 14, 2017, Debtors filed their opposition. On August 17, 2017, Resnik filed his opposition. On August 24, 2017, AES filed a reply. After a hearing on August 31, 2017, the Court continued the matter to October 2, 2017. On September 21 & 22, 2017, Resnik supplemented his response.

## II.    <u>DISCUSSION</u>

A person who knowingly violates the discharge injunction can be held in contempt under § 105(a) of the Bankruptcy Code. *See In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002). The moving party has the burden of showing by clear and convincing evidence that the contemnors knowingly and willfully violated a specific and definite order of the court. *Id*. In addition, the moving party must prove that the creditor: (1) knew the discharge injunction was applicable; and (2) intended the actions which violated the injunction in order to justify sanctions. *Id*.

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, October 18, 2017**                                    **Hearing Room      303**

<u>12:30 PM</u>
**CONT...       Brad Stoddard and Deborah Ann Stoddard**                          **Chapter 13**

Here, the critical issue is whether Debtors' plan effectively resulted in a discharge of the debt upon which AES subsequently attempted to collect. There are three distinct issues that warrant attention in connection with the above issue: (1) whether Debtors' plan was sufficiently clear regarding the debt to be discharged; (2) whether holding that Claim 5 was discharged would violate principles of due process; and (3) whether, and to what extent, it would be appropriate for the Court to exercise its equitable remedies.

     *I.    The Plan Provision*

The plan provision at issue states: "The debt of american Education Services will be discharged; the school has been stripped of accreditation and is on probation." It is crucial that a miscellaneous provision included within a Chapter 13 plan both identify the creditor and claim to be affected by the plan, and explain the proposed treatment of the debtor's claim. Here, it is not clear that the above provision was adequate in either respect.

First, at the time of the petition date, at the time of the filing of the plan containing the above provision, and at the time of the confirmation hearing, AES was not the holder of Claim 5, but was merely the servicer of Claim 5. While AES subsequently acquired the claim, after the confirmation hearing but before the confirmation order was entered, that subsequent acquisition does not change the fact that AES was not a creditor of Debtors at the time of confirmation, or at the time that service of the plan was made. Although AES did acquire a claim against Debtor between the confirmation hearing and the entry of the confirmation order, such acquisition occurred too late for AES to have an opportunity to timely object to the subject plan provision.

Nor does the fact that Claim 5 identified AES as the party to be noticed affect who was the actual creditor of Debtors. While that identification affects the propriety of the notice given, it does not affect the characterization of AES as a loan servicer, rather

## United States Bankruptcy Court
### Central District of California
#### Riverside
#### Judge Mark Houle, Presiding
#### Courtroom 303 Calendar

**Wednesday, October 18, 2017**                                    **Hearing Room    303**

12:30 PM
**CONT...       Brad Stoddard and Deborah Ann Stoddard**                        **Chapter 13**

than a creditor. A loan servicer is not a proper defendant is a non-dischargeability adversary proceeding, *see In re Kleckner*, 560 B.R. 172, 177 (Bankr. E.D. Pa. 2016), and, likewise, it is not the proper party in a "discharge by declaration."

Furthermore, the contractual interpretation canon that ambiguous language is to be construed against the drafter is appropriate in this circumstance. *See generally Maryland Cas. Co. v. Knight*, 96 F.3d 1284, 1291 (9th Cir. 1996) (identifying canon). The actual holder of the claim, "Brazos/US Bank Natnl," had no reason to object to the proposed plan, because they were not identified in the plan. Even if "Brazos/US Bank Natnl" were aware that AES was the loan servicer, AES services many loans, and it is entirely possible, indeed probably common, that AES services multiple loans for many individuals. *See, e.g., In re Kleckner*, 560 B.R. 172, 173 n.1 (Bankr. E.D. Pa. 2016) (AES was servicer for loans held by six different entities). Furthermore, "Brazos/US Bank Natnl" was not served with the plan or noticed of the confirmation hearing, and, therefore, was denied due process. AES meanwhile was not a creditor at the time the plan was served, and would have had no reason to object to plan confirmation; indeed, it is not even clear that AES was a party in interest with standing to object.

Finally, the subject plan provision is unclear regarding the proposed treatment of the "claim." While the plan provision indicates that the claim "will be discharged" it does not indicate any timeframe or conditions for discharge.

While at first glance it may seem that the phrase means the claim is to be discharged upon plan completion, the situation is not so simple. What would have been the effect if Debtors had stated that the claim was to be discharged immediately upon plan confirmation? While such a premature discharge violates the Code, a discharge of a student loan debt at plan completion, without an adversary proceeding and an "undue hardship" determination, also violates the Code. But by using the word "will," a future tense verb, Debtors appear to have intended that the claim would be discharged at some future time, after some further event. Is that future event the completion of plan payments? Or is that event the successful prosecution of an adversary proceeding? Given such ambiguity, in construing such ambiguous language against the draft, the Court determines that it is appropriate to adopt the most legally appropriate interpretation, that discharge here is subject to an unperformed condition precedent (i.e. the filing of a non-dischargeability complaint), and the condition has not been

**United States Bankruptcy Court**
**Central District of California**
**Riverside**
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

**Wednesday, October 18, 2017**                                    **Hearing Room      303**

---

12:30 PM
**CONT...      Brad Stoddard and Deborah Ann Stoddard**                       **Chapter 13**
          satisfied, as a complaint has not been filed..


In accordance with the above, the Court finds that the subject plan provision, in the
absence of a subsequent adversary proceeding, was inadequate to discharge Claim 5.


        II.      *Notice & Due Process*


As is noted in section I, *supra*, there are three different PO boxes in Harrisburg,
Pennsylvania that are relevant here: (1) PO Box 8181, the address located on Claim 5;
(2) PO Box 8147, the address located on the claim transfer filed with the Court; and
(3) PO Box 2461, the address where Debtors served their plan. The record does not
detail the precise function of each of these PO boxes, but, presumably, each PO Box is
associated with a different department at AES.[1]


Assuming, *arguendo*, AES was a creditor at the time of the service of the plan, or if
Debtors' plan provision were to have properly identified the debt, would AES have
received due process through the service effectuated by Debtors? The Supreme Court,
in *Espinosa*, deferred to the traditional recitation of due process in this situation: "[d]
ue process requires notice 'reasonable calculated, under all the circumstances, to
apprise interested parties of the pendency of the action and afford them an opportunity
to present their objections." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260,
272 (2010) (*quoting Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314
(1950). In *Espinosa*, the Supreme Court concluded that the creditor had received
actual notice ostensibly because United Student Aid Funds, Inc. filed a proof of claim.
*Id*. at 265. Here, the same situation is present – Claim 5 was filed prior to the
confirmation hearing and appears to be evidence that the holder of Claim 5 had actual
notice of the bankruptcy filing prior to confirmation.


        III.      *Equitable Remedies*

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, October 18, 2017**                                      **Hearing Room      303**

<u>12:30 PM</u>
**CONT...        Brad Stoddard and Deborah Ann Stoddard**                        **Chapter 13**

Even before the Supreme Court decided *Espinosa*, the Ninth Circuit was of the
position that a creditor was precluded from challenging a confirmation order, even if
the confirmation order contained an illegal provision, if that creditor failed to object
during the confirmation process. *See, e.g.*, *In re Pardee*, 193 F.3d 1083, 1086 (9th Cir.
1999) (*citing Trulis v. Barton*, 107 F.3d 685, 691 (9th Cir. 1995); *In re Gregory*, 705
F.2d 1118, 1121 (9th Cir. 1983)). The Ninth Circuit's approach was the minority
approach. *See, e.g.*, *In re Escobedo*, 28 F.3d 34, 35 (7th Cir. 1994) (confirmed plan
that failed to comply with Code's requirements was "nugatory"); *see also* 8 Collier on
Bankruptcy ¶ 1325.01 (16th ed. 2016) (endorsing the Ninth Circuit's approach, but
collecting cases which indicate that the Second, Fourth, Sixth, and Seventh Circuits
disagreed).


While *Espinosa* declared that a confirmation order was not void simply because it
contained an illegal provision, and Ninth Circuit precedent indicates that a creditor is
estopped from challenging a confirmation order after the fact, a review of the case law
from the previously dissenting circuits illustrates the procedural mechanisms available
to the Court, rather than a creditor. For instance, one court, in reconsidering and
vacating a confirmed Chapter 13 plan stated the following:


Relief from judgment under Rule 60(b) may be granted *sua sponte* by the
court. A decision under Rule 60(b) is a matter of the court's discretion. The
Rule's requirement that relief be granted within a 'reasonable time' also rests
within the sound discretion of the court. While relief under Rule 60(b) is
discretionary, it is warranted only upon a showing of extraordinary
circumstances that create a substantial danger that the underlying judgment
was unjust. The court should also look to whether any intervening rights have
been affected by the passage of time since entry of the original judgment.


*In re Burgess*, 138 B.R. 56, 59 (Bankr. W.D. Wis. 1991); *see also In re Carr*, 318
B.R. 517 (Bankr. W.D. Wis. 2004) (utilizing the Court's discretion to revoke, on
equitable grounds, a confirmation order that violated the Code). There is no strict
timeline for relief from a judgment or order pursuant to Fed. R. Civ. P. Rule 60(b)(4)-
(6). *See, e.g.*, *In re Hanson*, 397 F.3d 482 (7th Cir. 2005) (modifying discharge order
to exclude student loan creditor nearly six years later).

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

---

**Wednesday, October 18, 2017**                                    **Hearing Room    303**

---

<u>12:30 PM</u>
**CONT...        Brad Stoddard and Deborah Ann Stoddard**                    **Chapter 13**

The Court is cognizant of the fact that, unlike most of the cases above, in this situation the Chapter 13 plan was completed, Debtors received a discharge, and the case was closed. The length of time that has elapsed would be a critical factor in any analysis considering whether to revoke or modify the Chapter 13 confirmation order pursuant to Rule 60(b)(6). Currently, there is no motion filed by AES pending before the Court implicating a Rule 60(b)(6) analysis, and because the Court finds that Debtors' drafting errors precludes a finding that Claim 5 was discharged, the Court declines to undertake such analysis at the current time.

## IV.    <u>CONCLUSION</u>

In accordance with Section II.I, *supra*, the Court concludes that Claim 5 was not discharged. Because Claim 5 was not discharged, there can be no violation of the discharge injunction, and, therefore, the motion is DENIED.

APPEARANCES REQUIRED.

| Party Information |
|---|

**Debtor(s):**

    Brad  Stoddard                              Represented By
                                  Matthew D Resnik
                                  David Brian Lally

**<u>Joint Debtor(s):</u>**

    Deborah Ann Stoddard                    Represented By
                                  Matthew D Resnik
                                  David Brian Lally

**<u>Movant(s):</u>**

    Deborah Ann Stoddard                    Represented By
                                  Matthew D Resnik

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, October 18, 2017**                                    **Hearing Room    303**

---

12:30 PM

**CONT...    Brad Stoddard and Deborah Ann Stoddard**                              **Chapter 13**

                                    Matthew D Resnik
                                    David Brian Lally
                                    David Brian Lally

        Brad  Stoddard                    Represented By
                                    Matthew D Resnik
                                    Matthew D Resnik
                                    David Brian Lally
                                    David Brian Lally

        **Trustee(s):**

            Amrane (RS)  Cohen (TR)            Represented By
                                    Amrane (RS)  Cohen (TR)

---